## SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made and entered into as of this ____ day of March 2017, by and between Daryl Gilbert, and Advanced Plumbing Commercial and Residential Services, Inc., a Florida Corporation

**WHEREAS**, Daryl Gilbert was an employee of Advanced Plumbing Commercial and Residential Services, Inc., a Florida Corporation (the "Advanced Plumbing" parties) from August 2015 to May 2016;

**WHEREAS**, a dispute arose between the parties with respect to the amount of compensation Daryl Gilbert received during the time he was employed by Advanced Plumbing;

**WHEREAS**, Daryl Gilbert brought suit against Advanced Plumbing in that certain lawsuit in the Middle District of Florida, styled Case 8:16-cv-2713-T-17AEP; and

**WHEREAS**, Daryl Gilbert and the Advanced Plumbing parties desire to amicably enter into an Agreement to prevent further litigation from either party; and

**NOW THEREFORE** in consideration of mutual agreements herein contained and the above covenants which are made a part of the agreement herein, it is agreed as follows:

1. The PARTIES to this AGREEMENT hereby are defined as follows:
   a. Daryl Gilbert, an individual resident of Pinellas County, Florida;
   b. Advanced Plumbing Commercial and Residential Services, Inc., a Florida Corporation, its successors and assigns.

The foregoing are jointly referred to as "PARTIES" and each individually as a "PARTY"; the party named in (a) above is referred to as the "GILBERT PARTY"; and

1

the parties named in (b) above are referred to as the "ADVANCED PLUMBING PARTY."

2. For good and valuable consideration and equivalent value, the receipt and sufficiency of which is hereby acknowledged, the PARTIES agree:

I. SETTLEMENT

3. In consideration for signing this AGREEMENT, and for compliance with the promises made herein, the ADVANCED PLUMBING PARTY agrees to pay to the GILBERT PARTY, the sum of Six Thousand Five Hundred Dollars and 00/100 ($6,500.00) as follows:

    a. The full amount is to be paid upon execution of this AGREEMENT.

    b. All payment shall be made by checks payable as follows: (1) Daryl Gilbert in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS and 00/100s and (2) Richard Celler Legal, P.A., in the amount of FIVE THOUSAND DOLLARS and 00/100s ($5,000.00). Checks required hereunder shall be addressed to Richard Celler Legal, P.A. and delivered to Attn: Noah E. Storch, Esq., Richard Celler Legal, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314 and mailed Certified Mail, Return Receipt Requested.

03/29/2017 18:55   7275309264                THE UPS STORE                           PAGE 03/16

    c.    Upon execution of this AGREEMENT and in exchange for the promises therein, the parties agree to the immediate entry of a dismissal with prejudice in the Middle District of Florida action, Case 8:16-cv-2713-T-17AEP. The GILBERT PARTY agrees to effectuate all documents necessary for this action and agrees that the ADVANCED PLUMBING PARTY will approve the necessary documents.

    d.    The GILBERT PARTY shall submit a motion to approve this AGREEMENT to which this AGREEMENT shall be attached with regard to the claims currently pending against ADVANCED PLUBMING PARTY in the Middle District of Florida (Case No. 8:16-cv-2713-T-17AEP).

## II. RELEASE

4.    THAT in consideration of the promises contained within this AGREEMENT, the receipt and sufficiency of which is hereby acknowledged, the GILBERT PARTY, including his principals, agents, representatives, predecessors, successors, assigns, related entities, heirs, beneficiaries, personal representatives, attorneys, affiliates, principals, agents, and any person claiming directly or indirectly by or through her, jointly and severally, voluntarily, knowingly, and in good faith, and with specific and express intent to do so, **hereby release and forever discharge** the ADVANCED PLUMBING PARTY, including MARGARET RUSHING's principals, agents, representatives, predecessors, successors, assigns, related entities, heirs, beneficiaries,

personal representatives, attorneys, affiliates, principals, agents, and any person claiming directly or indirectly by or through her, and ADVANCED PLUMBING COMMERCIAL AND RESIDENTIAL SERVICES, INC.'s managers, members, managing members, officers, directors, employees, principals, agents, predecessors, successors, related entities, attorneys, affiliates, affiliated companies, and any person claiming directly or indirectly by or through ADVANCED PLUMBING COMMERCIAL AND RESIDENTIAL SERVICES, INC. jointly and severally ("ADVANCED PLUMBING RELEASED PARTIES"), **of and from** any and all claims, manner of actions, causes of action, suits, debts, accounts, judgments, rights, damages, costs, attorney's fees and costs, expert witness fees and costs, expenses, compensation, warranties, and demands of any kind whatsoever, whether arising at law or in equity, **save and except for:**

    a.    This AGREEMENT;

    b.    Any confidentiality agreements or related Court Orders made during the LITIGATION.

This RELEASE includes, but is not limited to:

- Any alleged claims regarding hours worked or compensation, wages, bonuses, commissions, and/or benefits to which the GILBERT PARTY may be entitled regarding his work performed at ADVANCED PLUMBING COMMERCIAL AND RESIDENTIAL SERVICES, INC. through the date the GILBERT PARTY signs this Agreement;
- Any alleged claims regarding retaliation for reporting any allegations of wrongdoing by ADVANCED PLUMBING COMMERCIAL AND

4

RESIDENTIAL SERVICES, INC., its officers, or employees, including any allegations of corporate fraud;

- Any alleged violation of The Family and Medical Leave Act and any related claims regarding leave to which GILBERT may have been entitled under related state or local leave or disability accommodation laws;
- Any alleged violation of Title VII of the Civil Rights Act of 1964;
- Any alleged violation of The Fair Labor Standards Act;
- Any alleged violation of Sections 1981 through 1988 of Title 42 of the United States Code;
- Any alleged violation of The Employee Retirement Income Security Act of 1974 (except for any vested benefits under any tax qualified benefit plan);
- Any alleged violation of The Immigration Reform and Control Act;
- Any alleged violation of The Americans with Disabilities Act of 1990;
- Any alleged violation of The Age Discrimination in Employment Act of 1967 ("ADEA");
- Any alleged violation of The Worker Adjustment and Retraining Notification Act;
- Any alleged violation of The Fair Credit Reporting Act;
- Any alleged violation of The Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.;
- Any alleged violation of Florida Whistle Blower, Fla. Stat. § 448.101 et seq.;

5

- Any alleged violation of Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Any alleged violation of Florida Wage Discrimination Law, Fla. Stat. § 448.07;
- Any alleged violation of Florida Equal Pay Law, Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;
- Any alleged violation of Florida AIDS Act, Fla. Stat. § 110.1125, § 381.00 and § 760.50;
- Any alleged violation of Florida Discrimination on the Basis of Sickle Cell Trait Law, Fla. Stat. § 448.075 et seq.;
- Any alleged violation of Florida OSHA, Fla. Stat. Ann. § 442.018(2);
- Any alleged violation of Florida Wage Payment Laws, Fla. Stat. §§ 448.01, 448.08;
- Any alleged violation of Florida's Domestic Violence Leave Law, Fla. Stat. § 741.313;
- Any alleged violation of Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act of 2008, Fla. Stat. § 790.251;
- Any alleged claims regarding known or unreported workplace injuries or occupational diseases;
- Any other alleged violation of federal, state or local law, rule, regulation, or ordinance;

6

- Any other alleged violation of public policy, contract, tort, or common law; and

- Any alleged basis for recovering costs, fees, or other expenses including attorney's fees incurred in this Arbitration matter or any other matter.

5. This RELEASE is to be interpreted to include the broadest release possible of any and all claims that exist on behalf of the GILBERT PARTY which could have been brought against the ADVANCED PLUMBING RELEASED PARTIES, whether known or unknown.

6. The GILBERT PARTY agrees to keep confidential the terms of this RELEASE.

## III. ACKNOWLEDGEMENTS AND AFFIRMATIONS

7. GILBERT PARTY hereby acknowledges and affirms the following:

   a. GILBERT PARTY has not filed, caused to be filed, or presently is a party to any claim against ADVANCED PLUMBING PARTY, except the Lawsuit identified above.

   b. GILBERT PARTY has reported all hours worked as of the date GILBERT PARTY signs this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which GILBERT PARTY may be entitled.

   c. GILBERT PARTY has been granted any leave to which GILBERT PARTY was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Case 8:16-cv-02713-EAK-AEP   Document 28-1   Filed 03/31/17   Page 8 of 12 PageID 111
03/29/2017  18:55     7275309264                THE UPS STORE                          PAGE  08/16

    d.    GILBERT PARTY has no known unreported workplace injuries or occupational diseases.

    e.    GILBERT PARTY has not divulged any proprietary or confidential information of ADVANCED PLUMBING PARTY and will continue to maintain the confidentiality of such information consistent with ADVANCED PLUMBING PARTY'S policies and GILBERT PARTY'S agreement(s) with ADVANCED PLUMBING PARTY and/or common law.

    f.    GILBERT PARTY has not been retaliated against for reporting any allegations of wrongdoing by ADVANCED PLUMBING PARTY or its officers, including any allegations of corporate fraud.

    g.    Both PARTIES acknowledge that this AGREEMENT does not limit either PARTY's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, GILBERT PARTY agrees that if such an administrative claim is made, GILBERT PARTY shall not be entitled to recover any individual monetary relief or other individual remedies.

## IV.   CONFIDENTIALITY AND NON-DISPARAGEMENT

    8.    The PARTIES to this AGREEMENT hereby agree to the following CONFIDENTIALITY AND NON-DISPARAGEMENT provisions:

(1).   The PARTIES hereby agree that they will not discuss with any third party or entity any facts relating to this AGREEMENT, any facts or issues relating to negotiation or content of this AGREEMENT, including the consideration, to any third parties, or discuss with any third party or entity any facts, issues, or ideas related to the Litigation aside from any item which is a matter of public record. The PARTIES, and their agents and representatives, will keep all such information in strict confidence and such information shall not be revealed to any third parties without an order of a court of appropriate jurisdiction, after notice and an opportunity to be heard has been given to each PARTY, ordering the disclosure of the information or in an action to enforce the terms of or arising from this AGREEMENT. If an attempt is made to compel a PARTY to reveal any of the foregoing information, that PARTY shall vigorously oppose the attempt to compel disclosure of the information and shall notify the other PARTIES immediately so those PARTIES may intervene to protect their rights. This provision does not prevent a PARTY from discussing the amount paid or the nature of the payment with his or its tax and legal advisors.

(2).   That beginning from the effective date of this AGREEMENT and thereafter, each PARTY to this AGREEMENT including its representatives, agrees not to make any remarks or statements to any person, entity, governmental body, or regulatory body about any PARTY to this AGREEMENT contained herein or their respective heirs, executors, administrators, subsidiaries, affiliates, related entities, successors, assigns, members, managers, managing members,

shareholders, officers, directors, principal, agents and all persons claiming by or through them, that could reasonably be construed as disparaging; and no PARTY shall engage in any form of conduct which attempts in any way to diminish and/or disparage the other PARTIES or the entities referred to in the RELEASE regarding their reputation, integrity, or business practices as well as the reputation or integrity of the vessels that were the subject matter of the aforementioned litigation.

(3). The PARTIES acknowledge that confidentiality and non-disparagement are important and material to this AGREEMENT and the business of those PARTIES referenced in this AGREEMENT. The PARTIES acknowledges that a violation of this AGREEMENT will cause irreparable harm to those PARTIES released under this AGREEMENT. Accordingly, should a breach occur under this AGREEMENT the non-breaching party shall be entitled to injunctive relief, in addition to any other legal remedies that may be available, including, but not limited to, compensatory damages. In the event of litigation, the prevailing party shall be entitled to reimbursement of attorneys' fees and costs from the other party.

(4). ADVANCED PLUMBING PARTY will provide a neutral verification of GILBERT PARTY's employment with ADVANCED PLUMBING PARTY to any prospective employer and such reference will be limited to only GILBERT PARTY's job title and dates of employment.

## V.   NONADMISSION OF WRONGDOING

9. The PARTIES agree that neither this AGREEMENT nor the furnishing of consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by ADVANCED PLUMBING PARTY of wrongdoing or evidence of any liability or unlawful conduct of any kind.

## VI.   ADDITIONAL PROVISIONS

10. Any dispute arising out of or in connection with this AGREEMENT shall be referred to the exclusive jurisdiction of the Middle District of Florida.

11. This AGREEMENT constitutes the entire agreement between the PARTIES and supersedes all prior agreements and understandings with respect to the matters contained herein.

12. The PARTIES agree that this AGREEMENT shall be binding upon and shall inure to the PARTIES herein and their respective legal representatives, insurers, successors, officers, shareholders and assigns.

13. No PARTY will be deemed to be the drafter of this AGREEMENT and the rule of law construing ambiguous terms against the drafter will not be employed against any PARTY in the interpretation of this AGREEMENT.

14. This AGREEMENT may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but each counterpart shall together constitute one and the same instrument.

15. The term AGREEMENT as used herein includes the recitals above, including the SETTLEMENT, RELEASE, ACKNOWLEDGMENTS AND

AFFIRMATIONS, CONFIDENTIALITY & NON-DISPARAGEMENT and NONADMISSION OF WRONGDOING provisions.

IN WITNESS WHEREOF, this Agreement was executed by the undersigned parties effective as of the date written above.

DARYL GILBERT COMMERCIAL INC.,

By: *[signature]*

ADVANCED PLUMBING AND RESIDENTIAL SERVICES, a Florida Corporation

By: *[signature]*

Its: President

160270/587316